IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| GWENDOLYN D. BURCH BIGELOW, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner ) <br> of Social Security Administration, ) <br> ) <br> Defendant. ) | CV 307-066 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Gwendolyn D. Burch Bigelow ("Plaintiff"), appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

# I. BACKGROUND

Based on claims of disability dating back to March 2, 2001, Plaintiff applied for DIB and SSI on February 8, 2002. Tr. ("R") 17, 60, 236. The Social Security Administration denied her claims initially and on reconsideration. R. 37, 41, 240, 243. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and after the hearing the ALJ issued a fully favorable decision, approving Plaintiff's claim. R. 26. Thereafter, the Appeals Council ("AC") reviewed the case on its own motion, vacated the ALJ's decision, and ordered a new ALJ hearing and new decision. R. 246-55. A hearing was held before a different ALJ on April 5, 2006. R. 518-46. At the hearing Plaintiff, who was represented by an attorney, testified. Id. Thereafter, the ALJ issued an unfavorable decision dated April 18, 2006. R. 17-24. Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has the following severe impairments: status post fractured right knee with recurrent pain, status post open reduction internal fixation of the knee and myofacial pain (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965), but she has the residual functional capacity to perform the full range of sedentary exertional work.[1]

---

[1]Sedentary work involves:

lifting no more than 10 pounds at a time and occasionally lifting or carrying

2

> 5. Based on a residual functional capacity for the full range of sedentary work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.27. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

R. 19-23.

When the AC denied Plaintiff's request for review, the Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g). Having failed to convince the AC to review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting that the case be remanded to the Commissioner for further consideration. Plaintiff argues that the ALJ failed to consider the side effects of Plaintiff's medication and that the ALJ failed to consider the doctors' repeated advice to Plaintiff to rest and elevate her leg. (See generally Pl.'s Br.).

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the

---

> articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) and 416.967(a).

3

Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to

determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. Failure to Discuss Medication and Side-Effects

The crux of Plaintiff's argument revolves around the claim that the ALJ failed to consider the side effects of Plaintiff's medication. (Pl.'s Br., p. 4). Plaintiff also argues that the ALJ erred in failing to consider the doctors' repeated advice to Plaintiff to rest and elevate her leg. (Id. at 7). The Commissioner, on the other hand, argues, "Given plaintiff's age at the time of the ALJ's decision (32) and her education (high school equivalent), she must be considered "not disabled" so long as she remains able to perform a significant number of unskilled sedentary jobs." (Comm'r Br., p. 4). The Commissioner then notes that "the ALJ expressly relied on [Rule 201.27, 20 C.F.R. Part 404, Subpart P, Appendix 2 (2006)] in finding Plaintiff not disabled." (Id.). Specifically concerning the side effects of Plaintiff's medication, the Commissioner alleges that "Plaintiff tries to make the likelihood of her being disabled due to mediation side-effects appear more probable by simply collecting a list of every medication that was prescribed at any point during the period at issue." (Id. at 6). The Commissioner states that Plaintiff does not point to any medical reports that show she took any medications on a long-term basis. (Id.). Indeed, the Commissioner then sets forth an analysis of the record concerning Plaintiff's medication and argues that there was no medical documentation to corroborate Plaintiff's claim. (Id.).

An ALJ fails in his duty to develop fully the record when he does not make findings about the effect of prescribed medication on a claimant's ability to work. Cowart v.

5

Schweiker, 662 F.2d 731, 737 (11th Cir. 1981); see also Lacy v. Barnhart, 309 F. Supp.2d 1345, 1352 (N.D. Ala. 2004) (reversing denial of benefits where, *inter alia*, ALJ "failed to consider the effects of the side effects of plaintiff's medication"). As the Eleventh Circuit has explained, "It is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability." Cowart, 662 F.2d at 737. The court in Cowart went to on to quote with approval the following language from a First Circuit case:

> The present record contains no medical evidence regarding whether appellant's medication was in "unusually large doses" or whether its side effects might conceivably be disabling. While appellant's claim might be exaggerated, a layman is in no position to make any such determination on this record. It would have been appropriate for the administrative law judge to have sought further medical evidence, or to have made some further inquiry, since appellant raised the question. At [the] very least, the administrative law judge should have made a finding on appellant's claim regarding side effects, making it possible for a reviewing tribunal to know that the claim was not entirely ignored.

Id. (internal citations omitted).

The Court recognizes that the ALJ in Cowart had a "special duty" to develop the record because the claimant was not represented at her administrative hearing. 662 F.2d at 735. However, the court in Cowart also specifically stated that an ALJ has a basic obligation to develop a full and fair record, even if the claimant is represented by counsel. Id.; see also Miles v. Chater, 84 F.3d 1397, 1401 (11th Cir. 1996) (*per curiam*) (stating that ALJ is "duty-bound to develop a full and fair record"). As discussed below, the ALJ in this case did not discuss, let alone fully develop the record, concerning Plaintiff's medication.

The fact that Plaintiff had been prescribed medication for her physical pain is not in dispute. Plaintiff provided a list of medications that were prescribed to her, (Pl.'s Br., pp. 5-6; R. 156, 168, 218, 321, 326, 342, 354, 397, 411, 417, 425, 443-44, 452, 459, 467, 473,

476, 478, 482, 487, and 492), and the Commissioner devotes two pages of his brief to arguing that there was no medical documentation to corroborate that Plaintiff's prescribed medication had any effect on her (doc. no. 18, pp. 6-7). However, the record reveals that Plaintiff's list of medication included: Vicodin, Percocet, Tylenol No. 3, Ultracet, Ultram, Indocin, Soma, Mepergan, and Bextra. R. 156, 168, 218, 321, 326, 342, 354, 397, 411, 417, 425, 443-44, 452, 459, 467, 473, 476, 478, 482, 487, and 492. Moreover, the fact that Plaintiff was taking medication that may impact her ability to work was mentioned by Plaintiff at the hearing. R. 528-29. Yet, nowhere does the ALJ mention in his opinion this extensive list of medication or discuss their possible effect on Plaintiff's ability to work.

Even though the record is unclear as to the effect of the medication on Plaintiff, the sheer amount and variety of medication prescribed to Plaintiff cannot be ignored. Similar to the court's reasoning in <u>Cowart</u>, the record in this case contains no medical evidence regarding whether Plaintiff's medication was in "unusually large doses" or whether its side effects might conceivably be disabling. Likewise, while Plaintiff's claim might be exaggerated, a layman is in no position to make any such determination on this record. That being said, the Court is in no way making a determination on the credibility nor on the merits of Plaintiff's allegation that medication side effects affect her ability to perform. The Court simply concludes that the record needs to be developed further concerning the effects that Plaintiff's medication has on her. In light of the quantity of medication reportedly taken by Plaintiff (Vicodin, Percocet, Tylenol No. 3, Ultracet, Ultram, Indocin, Soma, Mepergan, and Bextra), and the ALJ's failure to mention the medication or consider their potential side-effects, a sentence four remand is warranted solely on this issue.

7

The Court is aware that the Commissioner offers that, although Plaintiff through the years has been prescribed numerous medications, these medications were in fact only prescribed for limited periods of time, and were rarely taken in combination. (Comm'r Br., p. 6). Thus, the Commissioner concludes that the "medical reports simply do not bear out plaintiff's claims of severe side-effects." (Id.). However, this Court cannot now engage in an administrative review that was not done in the first instance by the Commissioner via the ALJ. Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). Indeed, as noted above, the Court's "limited review [of the record] precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*) (citing Bloodsworth, 703 F.2d at 1239).

In sum, the ALJ failed to properly acknowledge the wide-ranging medication prescribed to Plaintiff, let alone address the side effects of Plaintiff's medications, and the Court cannot now excuse this error as harmless based on the Commissioner's post-hoc assessment of the record. Cf. Wiggins, 679 F.2d at 1390 (remanding where the ALJ failed to mention the claimant's treating physician and the court could not "determine whether the ALJ applied the proper legal standard and gave the treating physician's evidence substantial or considerable weight or found good cause not to do so"); see also Mills v. Astrue, 226 Fed. Appx. 926, 932 (11th Cir. Apr. 3, 2007) (*per curiam*) ("A court cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome

on remand is unlikely." (citation omitted)).

## B. Alleged Error Regarding Doctor's Advice

Although the Court has determined that the case should be remanded based on the failure to discuss Plaintiff's medication and its possible side-effects, the Court will briefly address Plaintiff's second argument. Plaintiff argues that "the ALJ erred in failing to consider the doctor's repeated advice to Plaintiff to rest and elevate her leg." (Pl.'s Br., pp. 7-8). Plaintiff asserts that "various doctors repeatedly advised Plaintiff to rest, ice, or elevate her leg." (Id. (citing R. 145, 170, 375, 411, 425, 443, 492, 537-38). Plaintiff apparently argues that the ALJ ignored this limitation, and therefore did not evaluate and specifically assign the weight accorded to each item. Thus, Plaintiff concludes, reversal is required. (Id. at 7).

In response, the Commissioner argues that the record in this case does not corroborate Plaintiff's claim. (Comm'r Br., p. 8). The Commissioner further asserts that these limitations referred to by Plaintiff were not suggested by Plaintiff's treating physicians, nor are there any records that suggest that these limitations are permanent.

Plaintiff's argument concerning the "doctor's repeated advice" and the weight afforded thereto, is tenuous at best. Plaintiff does not specify whether a specific doctor's advice was ignored, or simply that evidence was overlooked. To the extent Plaintiff argues that a doctor's advice was ignored, she does not identify specific doctors; nor does she indicate whether those doctor's opinions were entitled to substantial weight or otherwise.

In light of the recommendation for remand to properly consider the side effects of Plaintiff's medications, the Court need not resolve this issue. Of course, on remand,

Plaintiff's claims must be evaluated in compliance with the applicable regulations and case law in all aspects. For example, it should be observed that "[i]n all events, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the Court] to conclude that [the ALJ] considered [the evidence] as a whole.'" Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (*per curiam*) (quoting Foote v. Chater, 167 F.3d 1553, 1558 (11th Cir. 1995)); see also McCray v. Massanari, 175 F. Supp.2d 1329, 1336 (M.D. Ala. 2001) (noting that ALJ is not required to discuss every piece of evidence in the record).

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that as Plaintiff's medication and its possible side-effects have not been considered, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 30th day of January, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE